UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LUIS RODRIGUEZ-ROBLES,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. C05-5278FDB

ORDER DENYING 2255 MOTION

Petitioner argues that his sentence should be adjusted because the facts used to increase his offense level and sentence were facts not presented to a jury, and Petitioner cites, among others, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United Stats v. Booker*, 125 S. Ct. 738 (2005).

The Government's response to the Petition outlines the jurisprudence developed in the above-cited cases. As this Court has previously noted, the governing rule regarding retroactivity of judicial decision is "that new rules should always be applied retroactively to cases on direct review, but that generally they should not be applied retroactively to criminal cases on collateral review." *Teague v. Lane*, 489 U.S. 288, 303 (1989). There are two exceptions: (1) if the new rule is substantive, it applies retroactively. *Schriro v. Summerlin*, 124 S. Ct. 2519, 2522 (2004); (2) if the new rule implicates fundamental fairness in a way that seriously affects the likelihood of an accurate conviction, that is "'watershed rules of criminal procedure' implicating fundamental fairness and accuracy of the criminal proceeding." *Saffle v. Parks*, 494 U.S. 484 (1990)(quoting *Teague*, 489 U.S. at 311).

ORDER - 1

Petitioner's conviction was final before *Booker*, which announced a new rule. *Booker* extended the rule announced in *Apprendi* and interpreted in *Blakely* to the Federal Sentencing Guidelines. *Booker* essentially rendered the Federal Sentencing Guidelines advisory: "The district courts, while not bound to apply the Guidelines must consult those Guidelines and take them into account when sentencing." 125 S. Ct. at 767. This new rule is not substantive because it does not affect the criminal statute nor the underlying conduct that constitutes a violation of the statute. Neither is the rule a "watershed" rule of criminal procedure implicating fundamental fairness, because the new rule only alters the manner of determining a defendant's sentence in that a court is given more discretion, as the Federal Sentencing Guidelines are advisory rather than mandatory.

Petitioner did not raise the issue presented in this Section 2255 petition either in the district court or on appeal. The *Apprendi* decision could be said to have foreshadowed the *Booker* ruling, therefore it cannot be said to have been so novel as to not reasonably be available to counsel. *See Reed v. Ross*, 468 U.S. 1, 16 (1984)*; Smith v. Murray*, 477 U.S. 527, 537 (1986). Nevertheless, an ineffective assistance of counsel claim is unavailable, because prior to *Booker* and *Blakely*, the overwhelming weight of authority militated against the challenge and counsel accordingly cannot be deemed constitutionally ineffective for failing to pursue it.

Accordingly, having considered Petitioner's submission and the Government's detailed brief in this matter, the Court concludes that Petitioner's motion pursuant to 28 U.S.C. § 2255 must be denied.

NOW, THEREFORE, IT IS ORDERED: Petitioner's Motion pursuant to 28 U.S.C. § 2255 is DENIED.

DATED this 12th day of July, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 2